IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-cv-00134-BO

| | |
|---|---|
| REBECCA SURETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [D.E. 15, 18]. On May 24, 2018, the court held a hearing on this matter in Elizabeth City, North Carolina [D.E. 21]. For the reasons discussed below, the decision of the Commissioner is REVERSED and the case is REMANDED to the Commissioner for an award of benefits.

## BACKGROUND

On August 7, 2013, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act ("Act") alleging a disability onset date of March 1, 2012. [Tr. 89]. Plaintiff's application was denied initially and upon reconsideration. [Tr. 78–105, 110–27]. On May 31, 2016, an Administrative Law Judge ("ALJ") held a hearing to consider plaintiff's claims *de novo*. [Tr. 55–77]. On September 15, 2016, the ALJ denied plaintiff's claims. [Tr. 21–45]. Plaintiff appealed and, on July 24, 2017, the Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. [Tr. 1–6]. On September

27, 2017, plaintiff filed a complaint in this court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). [D.E. 5].

## LEGAL STANDARD

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

Under the Act, an individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Further:

> an individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting him from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite her limitations. 20 C.F.R. § 404.1545(a)(1). Moreover, an RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. *See* SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

At step four, the ALJ considers a claimant's RFC to determine whether she can perform past relevant work ("PRW") despite her impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on her RFC,

age, education, and work experience–can make an adjustment to perform other work. *Id.* If the claimant cannot perform other work, the ALJ finds her disabled. *Id.*

## THE ALJ'S DECISION

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 1, 2012, the alleged disability onset date. [Tr. 26]. At step two, the ALJ enumerated plaintiff's severe impairments, including: chronic obstructive pulmonary disease ("COPD"); history of congestive heart failure; hypertension; obesity; degenerative disc disease ("DDD"); carpal tunnel syndrome; and mild degenerative joint disease of the right knee and left foot. *Id.* At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 27]. The ALJ then determined plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a), with the following restrictions:

> This individual is precluded from climbing, balancing, kneeling, crouching and crawling. She can stoop occasionally. She can tolerate occasional exposure to extreme heat and pulmonary irritants such as dust, fumes, odors and gases. She must avoid exposure to unprotected heights and hazardous machinery. She is capable of occasional handling and frequent fingering.

[Tr. 29].

At step four, in reliance on the testimony of a vocational expert ("VE"), the ALJ found that plaintiff could resume her PRW as a telephone sales representative. [Tr. 40]. Accordingly, the ALJ determined that plaintiff was not disabled within the meaning of the Act. *Id.*

## DISCUSSION

Succinctly stated, neither the RFC nor the ALJ's finding that plaintiff was capable of returning to her PRW are supported by substantial evidence. *See Perales*, 402 U.S. at 401.

First, the ALJ's RFC finding that plaintiff is capable of the frequent fingering necessary to return to her PRW directly conflicts with the medical record and testimony indicating plaintiff suffers from hand numbness and pain due to her documented bilateral carpal tunnel syndrome. *See* [Tr. 60–63] (testimony noting carpal tunnel syndrome makes it hard for plaintiff to type and that she eschewed surgery because she could not use stairs without a walker); [Tr. 342–43] (June 2014 medical record finding bilateral carpal tunnel syndrome and recommending surgical intervention); [Tr. 349–54] (September 2014 orthopedic office visit noting difficulty using computer due to hand numbness from repetitive activity and recommending surgery for bilateral carpal tunnel syndrome); [Tr. 381] (May 2014 progress note listing carpal tunnel syndrome as an active problem and discussing plaintiff's symptoms of bilateral hand numbness, difficulty writing with a pen, and hand weakness); *cf.* Dictionary of Occupational Titles sec. 299.357-014, Telephone Solicitor (requiring frequent fingering).

Second, plaintiff's testimony and the record medical evidence support a finding that, under the advice of a treating physician, plaintiff uses a walker to address various issues involving locomotion, stability, and dizziness. *See, e.g.,* [Tr. 60–63, 66–67] (testimony that plaintiff uses a walker on stairs for stability and discussing plaintiff's medical request for a walker with a seat for outdoor ambulation); [Tr. 310–13] (December 2013 examination noting, among other issues, dizziness, and orthopedic problems with plaintiff's back and right knee); [Tr. 347–48] (February 2015 provided letter detailing plaintiff's need under the Fair Housing Act for a different housing arrangement because of disability due to plaintiff's shortness of breath and pain in her hips, knees, and ankles); [Tr. 349] (September 2014 orthopedic office visit noting plaintiff's use of a walker to ambulate due to chronic low back pain); [Tr. 362] (December 2015 progress note discussing plaintiff's historical right leg injury that leads to weakness, buckling,

5

and quad wasting that may need physical therapy); [Tr. 371] (March 2015 progress note discussing plaintiff's use of a walker at home but noting she had experienced no recent falls); [Tr. 374] (September 2014 progress noted discussing plaintiff's continued vertigo when standing suddenly); [Tr. 377] (July 2014 progress note discussing plaintiff's asserted episodes of severe dizziness and vertigo); [Tr. 381] (May 2014 progress note listing as an active problem disturbance of gait); [Tr. 384] (March 2014 progress note listing as an active problem disturbance of gait and discussing plaintiff's request for a wheeled walker with a seat to walk more comfortably outside). Thus, the ALJ's finding that "there is no persuasive evidence of diminished ability to stand/walk," [Tr. 40], directly conflicts with the evidence of record, *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ cannot disregard medical evidence simply because it is at odds with the ALJ's own unqualified opinion.").

Having determined that the ALJ's decision is not supported by substantial evidence, the court now must determine whether to reverse and remand for an award of benefits or to remand for a new hearing. This decision is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also* 42 U.S.C. § 405(g) ("The [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984) (reversing, rather than remanding, where "the medical evidence overwhelmingly supports the claimant's position that he is unable to work and there is insubstantial evidence in support of the ALJ's conclusions that [claimant's] disabilities are 'not severe.'"); *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980) (noting that when, "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of

benefits rather than remand is appropriate); *Breeden v. Weinberger*, 493 F.2d 1002, 1011–12 (4th Cir. 1974) (finding that, pursuant to section 405(g), it is appropriate to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose.").

Here, substantial evidence in the medical record instead supports a finding that, due to a combination of plaintiff's carpal tunnel syndrome and use of a walker, as well as her other medical infirmities, plaintiff could not return to her PRW and was not capable of other sedentary work, even as modified by the RFC. *See* 20 C.F.R. § 404.1567(a) (defining "sedentary work" to require lifting "no more than 10 pounds at a time with occasional lifting or carrying articles like docket files, ledgers, and small tools" as well as occasional walking or standing). Based on plaintiff's age on the alleged onset date, in addition to her recent background in semi-skilled work, she would likely be found to "grid out" upon remand. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2 § 201.06.

Alternatively, the court agrees with plaintiff that the treating physician's prescription of a walker is indicative of plaintiff's inability to ambulate effectively in a work setting–a functional impairment that arises to a listing level impairment in this case due to the combination of plaintiff's conditions. *See* C.F.R. Pt. 404, Subpt. P, Appendix I § 1.00B(2)(b). Although defendant asserts the ALJ did not err in finding the walker discretionary, and further urges that the prescribing physician neglected to discuss how and where the walker was required, *see* [D.E. 19] at 13 (quoting Social Security Ruling 96-9p), the record here is sufficiently detailed to show plaintiff's prescribed use of a hand-held walker for both standing and ambulation in a variety of circumstances.

In any event, because the case has been pending for many years, and because, as noted above, a disability finding is supported via several avenues, further fact-finding would serve no purpose in this matter and reversal is appropriate. *See Breeden*, 493 F.2d at 1012. Thus, the court, in its discretion, will reverse the Commissioner's decision and remand the matter for an award of benefits. *See Evans*, 734 F.2d at 1015; *Crider*, 624 F.2d at 17; *Edwards*, 672 F.Supp. at 236.

## CONCLUSION

In sum, plaintiff's motion for judgment on the pleadings [D.E. 15] is GRANTED, defendant's cross motion [D.E. 18] is DENIED, the decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED. This  20 day of August, 2018.

TERRENCE W. BOYLE
United States District Judge